LECHE, J.
Plaintiff, as holder and payee of a certain promissory note, brought this suit against the Oil States Lumber Company, maker of the note, and against John E. Kennedy and James A. Denny, indorsers thereon. *856 Judgment was rendered against all the defendants as prayed for, and this appeal was taken by Denny.
Appellant presents several defenses against the demand of plaintiff, only one of which will be discussed in this opinion, as wé believe that it justifies his discharge as indorser and frees him from liability.
The note sued on was. made payable at Eagle Mills, Ark., where the payee resides, but was presented for payment, and protested in Shreveport, La., the domicile and place of business of the maker.
The Negotiable Instrument Law (Act No. 64 of 1904, -p- 147) provides, in section 73, that presentment for payment is made at the proper place where a place of payment is specified in the instrument, and the instrument is there presented. By section 70 presentment for payment is necessary in order to charge the indorsers, and by section S9 an indorser to whom notice of dishonor is not given is discharged.
Plaintiff’s note not having been presented for payment at Eagle Mills, Ark., the place specified, and the proper place for presentment as required by the provisions of the Negotiable Instrument Law, the only question at issue is then, whether the presentment for payment made in Shreveport was sufficient to charge the indorsers. According to the plain language of the statute, it was not. We have found no adjudication by this court upon that subject, subsequent to the adoption of the Negotiable Instrument Law of 1904, but there is authority in point from other jurisdictions. ■
“The rule seems to be accepted without controversy that if a bill of exchange or promissory note is made payable at a particular place, a demand on the acceptor or maker must be made at that place in order to authorize recovery against indorsers. * * * A refusal to pay on presentment at another place is not a dishonor upon which the indorser can be charged.” 3 R. O. L. p. 1198, par. 418.
For these reasons the judgment herein appealed from, against James A. Denny, appellant, is avoided and reversed, at the cost of plaintiff and appellee.
Rehearing refused by Division A, composed of O’NIELL, O. J., and ROGERS and BRUNOT, JJ. '